MILTON L. BONNER ET AL., APPELLANTS, v. CITY OF IMPERIAL, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

32 N. W. 2d 267

Filed May 12, 1948. No. 32379.

*Beatty, Clarke & Murphy, Colfer, Russell & Colfer,* and *Earl E. Morgan,* for appellants.

*Henry W. Curtis,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action by plaintiffs, appellants here, against the defendants, City of Imperial, a municipal corporation, its mayor, and the members of its city council, appellees here, to enjoin the said defendants from letting a contract for construction work in a certain improvement district in the City of Imperial and from levying an assessment on lots or parcels of land abutting or adjacent to the streets and alleys to aid in defraying the costs of such proposed improvements.

The action was tried to the district court and injunction was denied by the decree of that court. From the decree the plaintiffs have appealed.

Pertinent facts constituting the background of the action are that on April 14, 1947, the city council duly passed, in conformity with law (section 17-511, R. S. 1943) an ordinance creating a street improvement district providing for the grading, draining, curbing, and guttering of certain streets in the district. The ordinance was duly published. The district was denominated Street Improvement District No. 2. After the passage and publication of the ordinance the city on April 19, 1947, in accordance with section 17-511, R. S. 1943, published notice of the creation of the district. The pertinent part of this section of the statute is the following:

"Whenever the governing body shall deem it necessary to make any of the improvements named in section 17-509, said governing body shall by ordinance create paving, graveling or other improvement district or districts, and after the passage, approval and publication of such ordinance, shall publish notice of the creation of any such district * * *. If a majority of the resident owners of the property directly abutting on the street, * * * to be improved, shall file with the city clerk * * * within twenty days after the first publication of said notice, written objections to the creation of such district * * *, said improvement shall not be made as provided in said ordinance; but said ordinance shall be repealed. If

said objections are not filed against the district in the time and manner aforesaid, the governing body shall forthwith cause such work to be done or such improvement to be made, and shall contract therefor, and shall levy assessments on the lots and parcels of land abutting on or adjacent to such street, * * * especially benefited thereby in such district in proportion to such benefits, to pay the cost of such improvement."

It will be observed that this section provides that if a majority of the resident owners of property directly abutting on the street to be improved shall within 20 days after the first publication of notice of the creation of the district file with the city clerk written objections to such creation the improvement shall not be made but that the ordinance shall be repealed.

There is no question in this case as to the regularity of any step in the proceedings. The only question is that of whether or not within the meaning of law a majority of the resident abutting owners filed objection to the creation of the district.

The facts in this respect are that 83 resident owners filed written objection. The city council concluded that this was not a majority. It concluded that there were 101 resident owners who did not file objections. This number was made up of 71 resident owners whose property stood in their names alone. The remaining 30 were wives of men who had filed objections. In each such instance the wife was a joint tenant with the husband. These wives had not filed objections nor had they joined in the objections filed by their husbands.

The city council took the position, without inquiry to ascertain the facts with regard to the intention of these wives, that they were resident owners as well as their husbands and counted them among those not objecting.

The theory of the plaintiffs is that the husband in each of these instances must be considered as a resident owner and also as representative of his joint tenant wife and

that in his objection he represented the full ownership of the property.

If the viewpoint of plaintiffs is to be accepted then the number objecting was 83 and the number not objecting 71.

The district court found on this controverted question in favor of defendants and entered decree accordingly. It is from this finding and decree that the plaintiffs have appealed.

It will be observed that the right of objection is by statute extended equally to all resident owners without any qualification or limitation as to the quality or extent of ownership.

Attention has been directed to decisions of this and other courts and to statements of texts bearing on the question of the right of a cotenant to represent the other cotenants in objecting to or petitioning for public improvements. They are not in harmony.

This court in Chan v. City of South Omaha, 85 Neb. 434, 123 N. W. 464, 133 Am. S. R. 670, upheld the right of one of two representatives of real estate to object for the two to a public improvement. The improvement was sought to be made pursuant to a statute in some respects similar to the one being considered here. The significant part of that statute which was part of chapter 20, Laws 1905, p. 228, was the following: "No repavement as herein provided, shall be ordered or made if a remonstrance against the making of the same is filed with the city clerk * * * signed by the owners of fifty per cent at least, of the foot frontage on the street, * * *."

The representatives in that case were an executor and an executrix and they were for the purposes of the case treated as owners. With regard to the right to object to an improvement the court said: "Complaint is made that the executrix signs as to certain lots and the executor for the remaining tracts owned by the estate and included in the district, and it is argued that each representative of the estate should have signed the protest as to all of said

lots. While it may be necessary for the representatives to act jointly to convey the real estate, a remonstrance signed by either representative for the purpose of protecting the estate is valid."

The Supreme Court of Missouri adopted an opposite viewpoint. Kitchen v. City of Clinton, 320 Mo. 569, 8 S. W. 2d 602; Blackwell v. City of Lee's Summit, 326 Mo. 491, 32 S. W. 2d 63. The holdings in those cases were that where a protest is to be measured on a per capita basis, both the husband and wife must be counted as owners in determining the number of eligible signers and if one failed to sign one should be counted on one side and one on the other.

We think the fact that here is a statute placing the right to object on a per capita basis whereas in Chan v. City of South Omaha, *supra,* the court was considering a statute which placed the right on a foot frontage basis is of no controlling importance when the thing contemplated by both statutes is properly analyzed.

In the one as in the other the right depended upon ownership. The only point of dissimilarity is found in the effect of the objection after it has been made. In the one case the objection is equally effective with every other objection. In the other it is effective along with all others but its effectiveness has a different measure.

In some jurisdictions other than our own it has been held that a tenant in common is an owner and may sign a protest against an improvement for all owners; in some that on a petition for improvement no owner whose name has not been signed to a petition may be counted. The varying viewpoints are set out in the opinion in Warren v. Borawski, 130 Conn. 676, 37 A. 2d 364. We do not observe a need for their repetition here.

We think therefore that under the authority of Chan v. City of South Omaha, *supra,* the holding must be that these husbands had the right of representation of these entire ownerships subject however to the observations contained in the three succeeding paragraphs hereof.

The defendants contend that there are other reasons why these husbands may not be considered as representatives of these tenancies. The first one is that there is a joint tenancy and for that reason the rule announced in Chan v. City of South Omaha, *supra,* is not applicable, and a second is, as has already been indicated, that this would destroy the right of a wife as a joint tenant of real estate with her husband of the incidents of her ownership.

Our attention has been directed to no authority the effect of which is to say that a different rule shall apply with regard to representation of abutting property which is held in joint tenancy from the one which has been applied to tenancies in common, and we have found none. We observe no good and sufficient reason for a different rule.

As to the other proposition, a contention that these plaintiffs had the right by their objections to deprive their wives of their rights as owners and residents would be clearly erroneous. Their rights could not thus have been taken away and in the view taken herein they were not taken away. Their rights were not different from those of their husbands. Sections 42-201 and 42-202, R. S. 1943, make clear their rights. They could not have been properly denied the right to object and neither could they have been denied the right to have placed themselves on the other side of the proposition.

To effectuate these observations and these conclusions it becomes necessary to point out that agreeable to the statute the question of whether or not a co-owner of real estate who has not joined in an objection to improvements shall be counted as approving is one of fact.

We think it fair to say that where there is no co-ownership and there is a failure of objection that it must be presumed that the owner favored the improvement.

Must a like presumption prevail where there is a joint tenancy and one of the joint tenants objects and noth-

ing appears as to the other one? Without the precedent of Chan v. City of South Omaha, *supra,* the same position could reasonably be taken, but we do not think this could be properly done without overruling that opinion. We are not disposed to do so. The effect of that opinion has long obtained without legislative disturbance, therefore, we feel that it should not receive judicial disturbance at this time.

It appears therefore that to give effect to the statute, to the former decision of this court, and to the rights of joint tenants in a situation such as is presented here it should be held that where one resident joint tenant files objection and another does not that a presumption arises that the tenant objecting did so as the representative of the joint tenancy which presumption shall prevail and obtain until and unless the contrary is made to appear. There is nothing in the records of the city which were made a part of the record here nor is there any other evidence which serves to indicate that the city in its own proceedings in council or on the trial of this case sought to overcome this presumption.

This presumption on the record should have been indulged and on the record made in the district court it should have been allowed to prevail. It will be allowed to prevail here.

For the reasons herein stated the decree is reversed and the cause remanded to the district court with directions to enter decree in conformity with the prayer of the petition.

REVERSED AND REMANDED WITH DIRECTIONS.